IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


JENNIFER SUSAN CRANFORD,           )
                                   )
     Plaintiff,                    )
                                   )
     v.                            )      1:05CV00062
                                   )
SHERIFF TONY G. FRICK,             )
individually and in his            )
official capacity,                 )
STANLY COUNTY,                     )
FIDELITY AND DEPOSIT COMPANY       )
OF MARYLAND,                       )
JEFFERY W. BRAFFORD,               )
individually and in his            )
official capacity,                 )
DENNIS RICKARD,                    )
individually and in his            )
official capacity,                 )
                                   )
     Defendants.                   )


                    MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

     Plaintiff Jennifer Susan Cranford ("Plaintiff") brings this action against Defendants Sheriff Tony G. Frick, in both his individual and official capacities, Stanly County, Fidelity and Deposit Company of Maryland, Jeffery W. Brafford, in both his individual and official capacities, and Dennis Rickard, in both his individual and official capacities (collectively, "Defendants"). Pending before this court are Defendants' motion to dismiss Plaintiff's complaint and Plaintiff's motion to amend her complaint. For the reasons stated below, the court will grant Plaintiff's motion and deny Defendants' motion as moot.

**I.  FACTUAL BACKGROUND**

Plaintiff, a duly appointed Stanly County deputy sheriff, brought this action seeking damages incurred when the Stanly County Sheriff's Department fired her.  Frick, or his authorized subordinates, ordered Brafford and Rickard, both sheriff's department officers, to Plaintiff's home to notify her of her termination and retrieve County equipment.  Plaintiff had no warning of why the officers were at her house.  Brafford and Rickard, not properly trained in how to discharge employees, entered Plaintiff's house without permission and demanded she return the County property.  Plaintiff requested more time to return the property because some of her personal guns were mixed in with the County's property.  Despite Plaintiff's protest for the officers to leave and her demand for more time, the officers ordered Plaintiff to turn over all guns, including a shot gun that was not a law enforcement weapon. Upon Plaintiff telling Defendants that they had no right to take her personal guns, Rickard threw Plaintiff "to the floor, put his knee in her back, grabbed her arms, forced her arms behind her back[,] and handcuffed her arms behind her back."  (Compl. ¶ 60.)  While she was handcuffed, Defendants "searched her house, claiming to look for County property."  (Id. ¶ 62.)  Various other egregious acts occurred, all allegedly at the direction or under the ratification of the Sheriff and the County.  Based on these acts, Plaintiff filed claims against Defendants for violations of her constitutional rights, battery, assault, slander per se and per

2

quod, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, trespass, conversion, and punitive damages.

**II. ANALYSIS**

Defendants seek to dismiss the following claims under Federal Rule of Civil Procedure 12(b)(6): (1) all official-capacity federal claims; (2) all individual-capacity claims against Frick under federal and state law; (3) all claims under the North Carolina Constitution; (4) all slander claims; and (5) all claims against Stanly County. In addition to her response to Defendants' motion, Plaintiff filed a motion to amend her complaint under Federal Rule of Civil Procedure 15(a).

    A.   Plaintiff's Motion to Amend

Under Federal Rule of Civil Procedure 15(a), if a pleading triggers the adversary's right to file a responsive document, then "a party may amend th[at] . . . pleading only by leave of court or by written consent of the adverse party" when the opposing party has already filed the responsive document. Defendants have filed an answer to Plaintiff's complaint; thus, Plaintiff must seek this court's permission to amend her complaint or secure Defendants' written consent. Plaintiff did not secure Defendants' written consent.

Granting leave to amend is a matter within the court's discretion. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). A court should freely give leave unless facts show, for example, "undue delay, bad faith or dilatory motive . . .,

3

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Id., 83 S. Ct. at 230.

Plaintiff argues this motion is in good faith, no delay in seeking amendment has occurred, the amendment is not futile, and opposing counsel has not consented to the amendment. Defendants argue against Plaintiff's amendment, which adds language stating Frick delegated policymaking authority to his representatives, because its conclusory language is futile and insufficient to state a claim. Moreover, "'[f]inal policymaking authority' is held only by the Sheriff and cannot be delegated." (Br. Opp'n Pl.'s Mot. Amend at 2.) Finally, "the [proposed] Amended Complaint alleges no constitutionally problematic municipal policy effected by these alleged policymakers." (Id.) Plaintiff argues, with equal persuasiveness on her argument's face, that the amendment is not futile.

"Futility" under Rule 15(a) does not completely overlap with the standard for a motion to dismiss under Rule 12(b)(6). "If the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. If a proposed amendment is not clearly futile, then denial of leave to amend is improper." 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1487, at 637-42 (2d ed. 1990 & Supp. 2005) (footnote omitted). Because the parties have given what

4

are, at this point, equally persuasive arguments as to whether
Plaintiff's amendment states a claim or not, the amended
complaint is not "clearly futile."  A motion to dismiss under
Rule 12(b)(6) is a better procedure to test the claims' legal
sufficiency.  Plaintiff, furthermore, has filed this amendment
early in this litigation, and no evidence of bad faith exists.
For these reasons and under Rule 15(a)'s "freely given" standard,
the amendment will be allowed.

    B.   Defendants' Motion to Dismiss

Defendants' motion to dismiss is moot.  Through Plaintiff's
amendment, the amended complaint will now state Plaintiff's
claims.  Since the first complaint is no longer in effect,
Defendants' motion to dismiss seeks dismissal on a superceded
complaint, and the court must regard the motion as moot.  See
Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956
(8th Cir. 2002) (holding that the court should rule on a motion
for leave to amend a complaint before deciding a motion to
dismiss that same complaint because allowing leave to amend
renders the motion to dismiss moot); Standard Chlorine of Del.,
Inc. v. Sinibaldi, 821 F. Supp. 232, 239-40 (D. Del. 1992)
(holding that an amended complaint renders a motion to dismiss
the original complaint moot).  Defendants may renew the motion to
dismiss consistent with the civil procedure rules once Plaintiff
files her amended complaint.

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Plaintiff Jennifer Susan Cranford's Motion to Amend [13] is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss [7] from Defendants Sheriff Tony G. Frick, in both his individual and official capacities, Stanly County, Fidelity and Deposit Company of Maryland, Jeffery W. Brafford, in both his individual and official capacities, and Dennis Rickard, in both his individual and official capacities, is DENIED as moot. Plaintiff shall have ten days from the entry of this order in which to electronically file her amended complaint, and that filing shall trigger the applicable time limits for filing a motion to dismiss, if Defendants choose to file such a motion.

This the 11th day of July 2006.

                                                    _____
                                                    United States District Judge